IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40316-11 |
| DFW BOAT SPECIALISTS, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## **OBJECTION TO EMERGENCY MOTION TO USE CASH COLLATERAL**

COMES NOW **XL Funding, LLC d/b/a AXLE Funding** ("XL Funding"), by and through its counsel, and respectfully objects to Debtor's MOTION FOR USE OF CASH COLLATERAL (the "Motion") filed by debtor **DFW Boat Specialists, LLC** (the "Debtor") pursuant to 11 U.S.C. § 363 on February 23, 2023. In support of this objection, XL Funding states as follows:

**I.**
**BACKGROUND FACTS**

1. The Debtor is a Texas limited liability corporation doing business in Texas as an automobile dealer selling new and used motor vehicles to its customers.

2. XL Funding is in the business of providing secured financing to car dealers through which those car dealers may finance some or all of their inventory held for resale to retail consumers ("floor plan financing"). On or about November 2, 2022, XL Funding and Debtor entered into a Demand Promissory Note and Security Agreement (the "Note"). A true and correct copy of said Note, including any applicable amendments, is attached hereto and incorporated by reference for all purposes as Exhibit "A."

3. Pursuant to paragraph 3 of the Note, Debtor granted to XL Funding a perfected, first-priority blanket security interest in all personal property assets of the Debtor, including but not limited to the Debtor's motor vehicle inventory ("Inventory Collateral"). The Inventory Collateral includes but is not limited to the following nine (9) unpaid motor vehicle inventory

financed by XL Funding under the Note by stock number, year, make, model, and VIN:

| Dealer # | Vehicle Description | VIN | Balance Due Under Note |
|---|---|---|---|
| 14905.31 | 2012 Nissan Armada | 5N1BA0NDXCN622240 | $5,753.00 |
| 14905.34 | 2014 Chevrolet Cruze | 1G1PG5SB3E7232850 | $2,394.00 |
| 14905.35 | 2013 Chevrolet Silverado | 1GCRKSE74DZ337470 | $7,813.00 |
| 14905.32 | 2012 Ford Edge | 2FMDK4JC5CBA57563 | $5,855.00 |
| 14905.33 | 2015 Jeep Patriot | 1C4NJPFA4FD209271 | $4,738.00 |
| 14905.24 | 2011 Chevrolet Cruze | 1G1PC5SH9B7177252 | $2,557.00 |
| 14905.25 | 2009 Chevrolet Avalanche | 3GNFK12089G232465 | $4,941.00 |
| 14905.26 | 2011 Ford Explorer | 1FMHK8D85BGA73544 | $5,950.00 |
| 14905.23 | 2010 Chevrolet Equinox | 2CNFLPEY9A6305185 | $3,527.00 |

(collectively, the "XL Funding Inventory").

4.    XL Funding's first priority lien and security interest in the XL Funding Inventory and blanket security interest in all of Debtor's remaining assets, including but not limited to the other motor vehicle inventory on Debtor's lot not specifically financed by XL Funding, accounts, receivables, chattel paper, and other forms of cash collateral, is evidenced by the following documents:

a.    The Note along with all attachments and exhibits thereto. Specifically, paragraph 3 of the Note grants XL Funding a first priority purchase money security interest in the XL Funding Inventory and a blanket security interest in all remaining assets of Debtor, including cash collateral.

b.    A UCC-1 Financing Statement filed with the Texas Secretary of State on February 25, 2022, which was assigned file number 22-0009750631. A true and correct copy of the UCC-1 Financing Statement along with all amendments thereto, if any, is attached hereto as **Exhibit B**.

c.      A Receivable Detail Report dated February (the "RDR"), which identifies the vehicles currently floor planned by the Debtor with XL Funding that remain unpaid. A true and correct copy of the RDR is attached hereto as **Exhibit C**.

5.      The RDR lists each of the XL Funding Inventory vehicles which the Debtor and XL Funding (collectively, the "Parties") agreed to place on the Debtor's floorplan and for which the original title was tendered by Debtor to XL Funding as security.

6.      The indebtedness under the Note has not been repaid and XL Funding retains its lien on the XL Funding Inventory, including any sales proceeds generated from the sale of any XL Funding Inventory vehicle to a third party consumer.

7.      As shown by the RDR, the amount due and owing under the Note totals $43,538.00 for all unpaid XL Funding Inventory vehicles, after the consideration of all lawful offsets, payments, and credits.

8.      The XL Funding Inventory secures the entire Indebtedness of Debtor (as defined in paragraph 13, page 11 to the Note) and not merely a portion thereof.

9.      Should any of the XL Funding Inventory be sold to third party consumers in the ordinary course of Debtor's business, XL Funding's purchase money security interest in such XL Funding Inventory is extinguished as to the vehicle but attaches as to the sales proceeds. However, nothing in the proposed interim cash collateral order contains any restrictions, safeguards or parameters that will protect such sales proceeds, which could potentially prejudice XL Funding and cause irreparable harm should such sales proceeds be used for expense other than satisfaction of XL Funding's perfected, first priority purchase security interest in XL Funding Inventory sales proceeds.  Further, any delay in payment with respect to the sales proceeds associated with the XL Funding Inventory is prejudicial to XL Funding.

**II.**

**OBJECTION TO DEBTOR'S CASH COLLATERAL MOTION**

10.　　Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains in control of the operation of its business.

11.　　On February 23, 2023 [Doc. # 5], the Debtor filed its Motion.  Through the Motion, Debtor seeks to use XL Funding's cash collateral, a portion or all of which may consist of sales proceeds from the XL Funding Inventory, to continue its business, pay employees, and pay other expenses as set forth in the proposed budget.  However, nothing in the proposed budget contains a line item providing adequate protection payments to XL Funding.

12.　　However, section 363(c)(2) of the bankruptcy code (the "Code") provides that the debtor in possession may not use cash collateral unless the secured party consents or the court, after notice and hearing, authorizes such use.  Additionally, section 363(e) further provides:

> Notwithstanding any other provision of this section, at any time, on the request of an entity that has an interest in the property used, sold, or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.[1]

The burden of proof on the issue of adequate protection falls upon the Debtor, as trustee.[2]  **XL Funding does not consent to Debtor's use of cash collateral** on either an interim or final basis and objects to Debtor's Motion for the several reasons as stated below.

A.　<u>XL Funding Objects To Debtor's Motion On The Basis That the Proposed Order is Inadequate and Vague with respect to the XL Funding Inventory Moving Forward</u>

13.　　Debtor's proposed Order on Motion For Interim Use Of Cash Collateral (the "Proposed Order") [Doc # 5-2] is deficient with respect to the treatment of the XL Funding Inventory and how Debtor intends to utilize, escrow, or remit to XL Funding the sales proceeds

---

[1] 11 U.S.C. § 363(e).
[2] 11 U.S.C. § 363(p)(1).

of XL Funding-financed motor vehicle inventory.  In addition, the Proposed Order does not expressly account for how Debtor intends to utilize the sales proceeds of XL Funding Inventory vehicles, when and how such sales proceeds shall be delivered to XL Funding, or how the certificates of titles for the XL Funding Inventory vehicles should be stored, handled, or transferred pending the sale of such XL Funding Inventory.

14.     XL Funding continues to monitor its motor vehicle inventory and intends on working with Debtor to ensure the remaining XL Funding Inventory vehicles on its lot are sold pursuant to the terms of the Note.  However, as currently drafted, the Debtor's Proposed Order submitted in conjunction with its Motion presents inherent and significant risks to XL Funding including, but not limited to, possible sales of XL Funding Inventory to pay expense items such as payroll or rent, rapid depreciation of the XL Funding Inventory, and no firm accounting structure of how sales proceeds from the XL Funding Inventory or other XL Funding-financed motor vehicle inventory are to be treated.

B.  XL Funding Objects To Debtor's Motion On The Basis That The Proposed Budget Is Inadequate

15.     Debtor's proposed bare-bones budget (the "Budget") fails to provide XL Funding or the Court with sufficient detail to explain why Debtor requires emergency use of the cash collateral funds.  Although Debtor is engaged in sales of motor vehicle inventory of various floor plan lenders, the proposed budget fails to distinguish the costs, expenses, or revenue from the different floor plan lenders.

16.     The proposed does not have any detailed projections for inventory purchases and seemingly presumes it can obtain additional inventory from other sources without offering any explanation as to how such inventory can be replenished to support a projected income of $80,000.00.  Further, there is no explanation of how Debtor calculated the projected income of

$80,000.00, which is conclusory. Moreover, the line item expense of "rent" does not indicated to whom the rent is paid and whether rent is payable to an insider or affiliate of Debtor. The same concerns exists for payroll budget amount of $32,866.00, as it is unclear which employees of Debtor are being paid and whether any such payments are being made to insiders or affiliates of Debtor.

17.     For all of the foregoing reasons, Debtor simply does not provide sufficient detail to XL Funding or the Court to make adequate decisions concerning adequate protection and use of cash collateral for actual expenses necessary to maintain Debtor's business.

   C. <u>XL Funding Objects To Debtor's Motion On The Basis That Debtor Has Insufficient Or No Equity To Provide Replacement Liens In Favor Of XL Funding</u>

18.     Debtor has not yet filed any schedules identifying the value of its assets. However, XL Funding does not believe Debtor has sufficient equity in which to provide XL Funding with replacement liens as proposed in the Motion. Debtor has the burden to establish such equity in a § 363 proceeding but has neither pled there is sufficient equity nor has provided any evidence it has equity relative to the debt owed to XL Funding in its Motion to use cash collateral. If the Debtor in fact has no equity, then Debtor's proposal to provide replacement liens to XL Funding – or any other secured creditor – is insufficient to adequately protect XL Funding's security interest in its collateral.

## IV.
## RELIEF REQUESTED

19.     A portion of XL Funding's collateral may presently or in the very near future consist of cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents and the proceeds, products, offspring, rents or profits as contemplated by 11 U.S.C. § 363(a).

20.     Pursuant to 11 U.S.C. § 363(c)(2), the Debtor may not use, sell, or lease cash

collateral unless XL Funding consents or the Court, after notice and a hearing, authorizes such use, sale or lease.

21.    For all of the foregoing reasons set forth in this objection, the Debtor's proposal to utilize cash collateral consisting of the anticipated income from its sell of motor vehicle inventory is wholly inadequate in light of XL Funding's first-priority, perfected security interest in the XL Funding Inventory and any cash collateral proceeds thereto.

22.    For these reasons, XL Funding does not consent to the Debtor's use of XL Funding's cash collateral.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, XL Funding respectfully requests that the Court:

a.      Deny the relief requested in the Motion;

b.      Order the Debtor immediately to provide a detailed accounting of all items of the XL Funding Inventory including the status of each vehicle (in stock, sold, or rented); the sales terms, if any; and the sale date, if any;

c.      Order the Debtor not to sell or otherwise dispose of any XL Funding Inventory vehicle that is not already the subject of a prepetition sale;

d.      Order the Debtor immediately to allow XL Funding access to the XL Funding Inventory vehicles that is still in the Debtor's possession, including all of the Debtor's books and records relating to the XL Funding Inventory vehicles;

e.      For such other and further relief to which XL Funding is entitled as this Court may deem just and proper.

**Respectfully submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for XL Funding*

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Monday, February 27, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **DFW Boat Specialists, LLC**<br>2401 Worthington Dr., Suite 106<br>Denton, Texas 76207<br><br>*Debtor* | **Eric A. Liepins**<br>Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, Texas 75251<br><br>*Attorney for Debtor* |
| **Mark A. Weisbart**<br>10501 N. Central Expy., Suite 106<br>Dallas, Texas 75231<br><br>*Subchapter V Trustee* | **United States Trustee**<br>110 N. College Avenue, Suite 300<br>Tyler, Texas 75702 |
| **All those receiving ECF notification in this case.** | |

/s/ Christopher V. Arisco
Christopher V. Arisco