IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40316-11 |
| DFW BOAT SPECIALISTS, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**OBJECTION TO EMERGENCY MOTION TO USE CASH COLLATERAL**

COMES NOW **NextGear Capital, Inc.** ("NextGear"), by and through its counsel, and respectfully objects to Debtor's MOTION FOR USE OF CASH COLLATERAL (the "Motion") filed by debtor **DFW Boat Specialists, LLC** (the "Debtor") pursuant to 11 U.S.C. § 363 on February 23, 2023.  In support of this objection, NextGear states as follows:

**I.
BACKGROUND FACTS**

1.      The Debtor is a Texas limited liability corporation doing business in Texas as an automobile dealer selling new and used motor vehicles to its customers.

2.      NextGear is in the business of providing secured financing to car dealers through which those car dealers may finance some or all of their inventory held for resale to retail consumers ("floor plan financing").  On or about June 6, 2022, NextGear and Debtor entered into a Demand Promissory Note and Loan and Security Agreement (the "Note").  A true and correct copy of said Note, including any applicable amendments, is attached hereto and incorporated by reference for all purposes as Exhibit "A."

3.      Pursuant to paragraph 2 of the Note, Debtor granted to NextGear a perfected, first-priority blanket security interest in all personal property assets of the Debtor, including but not limited to the Debtor's motor vehicle inventory ("Inventory Collateral").  The Inventory Collateral includes but is not limited to the following thirty-six (36) unpaid motor vehicle

inventory financed by NextGear under the Note by stock number, year, make, model, and VIN:

| Stock # | Vehicle Description | VIN | Balance Due Under Note |
|---|---|---|---|
| 25 | 2016 Cadillac CTS | JN8AS5MV6DW616729 | $3,889.39 |
| 26 | 2016 Chevrolet Cruze | 1C3CDFBB2FD421663 | $5,170.41 |
| 27 | 2015 Kia Sedona | 1G1PC5SB9F7200322 | $3,812.68 |
| 28 | 2016 Ford Focus | 1N4AL3AP9FC197787 | $4,740.85 |
| 32 | 2012 Ford Fiesta | 5N1AR2MN0DC629169 | $4,718.29 |
| 36 | 2015 Nissan Murano | 5N1AZ2MG1FN226021 | $8,218.55 |
| 37 | 2016 Cadillac CTS | 1G6AS5SX7G0103225 | $8,998.31 |
| 38 | 2016 Chevrolet Cruze | 1G1PE5SB9G7184716 | $5,532.71 |
| 39 | 2015 Kia Sedona | KNDME5C11F6051615 | $5,681.90 |
| 40 | 2016 Ford Focus | 1FADP3N26GL244887 | $6,715.82 |
| 42 | 2012 Ford Fiesta | 3FADP4EJ4CM121174 | $1,300.11 |
| 43 | 2016 Kia Sorento | 5XYPG4A36GG041599 | $2,215.67 |
| 44 | 2017 Mitsubishi Mirage | ML32F3FJ2HHF17411 | $5,013.24 |
| 45 | 2013 Ford Focus | 1FADP3F26DL369818 | $1,873.74 |
| 49 | 2020 Chevrolet Malibu | 1G1ZD5STXLF009914 | $16,938.14 |
| 50 | 2014 Ford F150 | 1FTFX1CT5EKE98046 | $9,343.92 |
| 51 | 2016 Mazda CX-5 | JM3KE2CY2G0629011 | $8,012.41 |
| 53 | 2018 Kia Stinger | KNAE45LC0J6010424 | $14,474.31 |
| 54 | 2014 Ford Focus | 1FADP3F22EL378548 | $960.01 |
| 55 | 2014 Subaru XV Crosstrek | JF2GPAVC9E8332404 | $10,042.92 |
| 56 | 2007 Ford Expedition | 1FMFU17577LA12124 | $2,496.24 |
| 58 | 2016 Nissan Altima | 1N4AL3APXGC282459 | $6,668.71 |
| 59 | 2013 Hyundai Veloster | KMHTC6AD7DU142820 | $4,401.90 |
| 60 | 2015 Chevrolet Cruze | 1G1PD5SB1F7294337 | $5,733.12 |
| 61 | 2013 Mercedes-Benz C Class | WDDGF4HB9DR276033 | $4,356.65 |
| 62 | 2013 Dodge Journey | 3C4PDCAB8DT695373 | $3,074.69 |
| 63 | 2013 Nissan Sentra | 3N1AB7AP1DL787412 | $3,974.58 |
| 64 | 2012 Dodge Grand Caravan | 2C4RDGBG7CR330193 | $3,175.24 |
| 65 | 2014 Chevrolet Malibu | 1G11H5SL2EF285153 | $5,202.72 |
| 66 | 2012 Nissan Murano | JN8AZ1MU0CW117516 | $5,127.36 |
| 67 | 2012 Nissan 370Z | JN1AZ4FH0CM370833 | $12,871.75 |
| 68 | 2012 Buick Verano | 1G4PR5SK5C4145480 | $3,315.89 |
| 69 | 2007 Chevrolet Suburban | 1GNFK16357J153836 | $3,832.12 |
| 70 | 2014 Dodge Grand Caravan | 2C4RDGBG4ER361937 | $3,248.73 |
| 71 | 2014 Dodge Grand Caravan | 2C4RDGBG4ER361940 | $4,484.10 |
| 72 | 2012 Chevrolet Equinox | 2GNALDEK6C6291751 | $4,839.58 |

(collectively, the "NextGear Inventory").

4.      NextGear's first priority, perfected lien and security interest in the NextGear Inventory and blanket security interest in all of Debtor's remaining assets, including but not limited to the other motor vehicle inventory on Debtor's lot not specifically financed by NextGear, accounts, receivables, chattel paper, and other forms of cash collateral, is evidenced by the following documents:

   a.      The Note along with all attachments and exhibits thereto.  Specifically, paragraph 2 of the Note grants NextGear a first priority security interest in the NextGear Inventory and a blanket security interest in all remaining assets of Debtor, including cash collateral.

   b.      A UCC-1 Financing Statement filed with the Texas Secretary of State on February 24, 2022, which was assigned file number 22-0009213251.  A true and correct copy of the UCC-1 Financing Statement along with all amendments thereto, if any, is attached hereto as **Exhibit B**.

   c.      A Receivable Detail Summary dated February (the "RDS"), which identifies the vehicles currently floor planned by the Debtor with NextGear that remain unpaid.  A true and correct copy of the RDS is attached hereto as **Exhibit C**.

5.      The RDS lists each of the NextGear Inventory vehicles which the Debtor and NextGear (collectively, the "Parties") agreed to place on the Debtor's floorplan and for which the original title was tendered by Debtor to NextGear as additional security.

6.      The indebtedness under the Note has not been repaid and NextGear retains its first-priority, perfected security interest in the NextGear Inventory, including any sales proceeds generated from the sale of any NextGear Inventory vehicle to any third party.

7.      As shown by the RDS, the amount due and owing under the Note totals

$204,456.76 for all unpaid NextGear Inventory vehicles, after the consideration of all lawful

offsets, payments, and credits.

8.      The NextGear Inventory secures the entire Liabilities of Debtor (as defined in

page 15, paragraph (38) of the Appendix to the Note) and not merely a portion thereof.

9.      Pursuant to a recent lot audit of the NextGear Inventory remaining on Debtor's

lot, NextGear has determined that Debtor has sold the following five (5) NextGear Inventory

vehicles out of trust for which buyers orders identifying the date of sale and sales amount have

been provided by Debtor but the sales proceeds have not been paid to NextGear (the "SOT

Vehicles"):

| Stock # | Vehicle Description | VIN | Date Sold | Down Payment Received | Amount Financed |
|---------|---------------------|-----|-----------|------------------------|------------------|
| 49 | 2020 Chevrolet Malibu | 1G1ZD5STXLF009914 | 2/04/2023 | $6,000.00 | $14,29438 |
| 50 | 2014 Ford F150 | 1FTFX1CT5EKE98046 | 2/11/2023 | $5,000.00 | $10,000.06 |
| 55 | 2014 Subaru XV Crosstrek | JF2GPAVC9E8332404 | 2/21/2023 | $14,446.10 | $0.00 |
| 65 | 2014 Chevrolet Malibu | 1G11H5SL2EF285153 | 2/18/2023 | $1,200.00 | $11,850.00 |
| 68 | 2012 Buick Verano | 1G4PR5SK5C4145480 | 2/23/2023 | $2,000.00 | $12,659.00 |

The buyer's orders associated with each of the five (5) SOT Vehicles identified in the table

above are collectively attached hereto as Exhibit "D" and incorporated by reference.  Although

Debtor received significant down payments from the buyers of the SOT Vehicles, including full

payment for NextGear Stock # 55 in the amount of $14,446.10, none of the sales proceeds have

been remitted to NextGear and none have been accounted for in Debtor's proposed interim order

granting use of cash collateral.

10.      Should any other NextGear Inventory be sold to any third parties out of trust,

NextGear's security interest in such NextGear Inventory would be extinguished as to the vehicle

but would attach to the sales proceeds.  However, nothing in the proposed interim cash collateral

order contains any restrictions, safeguards or parameters that will protect such sales proceeds,

which could potentially prejudice NextGear and cause irreparable harm should such sales

proceeds be used for expenses other than satisfaction of NextGear's perfected, first priority

security interest in NextGear Inventory sales proceeds.  Further, any delay in payment with

respect to the sales proceeds associated with NextGear Inventory would be prejudicial to

NextGear.

## II.
## OBJECTION TO DEBTOR'S CASH COLLATERAL MOTION

11.     Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains in control of the

operation of its business.

12.     On February 23, 2023 [Doc. # 5], the Debtor filed its Motion.  Through the

Motion, Debtor seeks to use NextGear's cash collateral, a portion or all of which may consist of

sales proceeds from the NextGear Inventory, to continue its business, pay employees, and pay

other expenses as set forth in the proposed budget.  However, nothing in the proposed budget

contains a line item providing adequate protection payments to NextGear.

13.     However, section 363(c)(2) of the bankruptcy code (the "Code") provides that the

debtor in possession may not use cash collateral unless the secured party consents or the court,

after notice and hearing, authorizes such use.  Additionally, section 363(e) further provides:

> Notwithstanding any other provision of this section, at any time, on
> the request of an entity that has an interest in the property used,
> sold, or leased, or proposed to be used, sold or leased, by the
> trustee, the court, with or without a hearing, shall prohibit or
> condition such use, sale or lease as is necessary to provide
> adequate protection of such interest.[1]

---

[1] 11 U.S.C. § 363(e).

The burden of proof on the issue of adequate protection falls upon the Debtor, as trustee.[2]

**NextGear does not consent to Debtor's use of cash collateral** on either an interim or final

basis and objects to Debtor's Motion for the several reasons as stated below.

A. NextGear Objects To Debtor's Motion On The Basis That the Proposed Order is
   Inadequate and Vague with respect to the NextGear Inventory Moving Forward

14.     Debtor's proposed Order on Motion For Interim Use Of Cash Collateral (the

"Proposed Order") [Doc # 5-2] is deficient with respect to the treatment of the NextGear

Inventory and how Debtor intends to utilize, escrow, or remit to NextGear the sales proceeds of

NextGear-financed motor vehicle inventory.  In addition, the Proposed Order does not expressly

account for how Debtor intends to utilize the sales proceeds of NextGear Inventory vehicles,

when and how such sales proceeds shall be delivered to NextGear, or how the certificates of

titles for the  NextGear Inventory vehicles should be stored, handled, or transferred pending the

sale of such NextGear Inventory.

15.     NextGear continues to monitor its motor vehicle inventory and intends on

working with Debtor to ensure the remaining NextGear Inventory vehicles on its lot are sold

pursuant to the terms of the Note.  However, as currently drafted, the Debtor's Proposed Order

submitted in conjunction with its Motion presents inherent and significant risks to NextGear

including, but not limited to, possible sales of NextGear Inventory to pay expense items such as

payroll or rent, rapid depreciation of the NextGear Inventory, and no firm accounting structure of

how sales proceeds from the NextGear Inventory or other NextGear-financed motor vehicle

inventory are to be treated.

B. NextGear Objects To Debtor's Motion On The Basis That The Proposed Budget Is
   Inadequate

16.     Debtor's proposed bare-bones budget (the "Budget") fails to provide NextGear or

---

[2] 11 U.S.C. § 363(p)(1).

the Court with sufficient detail to explain why Debtor requires emergency use of the cash collateral funds.  Although Debtor is engaged in sales of motor vehicle inventory of various floor plan lenders, the proposed budget fails to distinguish the costs, expenses, or revenue from the different floor plan lenders.

17.     The proposed does not have any detailed projections for inventory purchases and seemingly presumes it can obtain additional inventory from other sources without offering any explanation as to how such inventory can be replenished to support a projected income of $80,000.00.  Further, there is no explanation of how Debtor calculated the projected income of $80,000.00, which is conclusory.  Moreover, the line item expense of "rent" does not indicated to whom the rent is paid and whether rent is payable to an insider or affiliate of Debtor.  The same concerns exists for payroll budget amount of $32,866.00, as it is unclear which employees of Debtor are being paid and whether any such payments are being made to insiders or affiliates of Debtor.

18.     For all of the foregoing reasons, Debtor simply does not provide sufficient detail to NextGear or the Court to make adequate decisions concerning adequate protection and use of cash collateral for actual expenses necessary to maintain Debtor's business.

C. <u>NextGear Objects To Debtor's Motion On The Basis That Debtor Has Insufficient Or No Equity To Provide Replacement Liens In Favor Of NextGear</u>

19.     Debtor has not yet filed any schedules identifying the value of its assets. However, NextGear does not believe Debtor has sufficient equity in which to provide NextGear with replacement liens as proposed in the Motion.  Debtor has the burden to establish such equity in a § 363 proceeding but has neither pled there is sufficient equity nor has provided any evidence it has equity relative to the debt owed to NextGear in its Motion to use cash collateral. If the Debtor in fact has no equity, then Debtor's proposal to provide replacement liens to

NextGear – or any other secured creditor – is insufficient to adequately protect NextGear's security interest in its collateral.

## IV.
## RELIEF REQUESTED

20.     A portion of NextGear's collateral may presently or in the very near future consist of cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents and the proceeds, products, offspring, rents or profits as contemplated by 11 U.S.C. § 363(a).

21.     Pursuant to 11 U.S.C. § 363(c)(2), the Debtor may not use, sell, or lease cash collateral unless NextGear consents or the Court, after notice and a hearing, authorizes such use, sale or lease.

22.     For all of the foregoing reasons set forth in this objection, the Debtor's proposal to utilize cash collateral consisting of the anticipated income from its sell of motor vehicle inventory is wholly inadequate in light of NextGear's first-priority, perfected security interest in the NextGear Inventory and any cash collateral proceeds thereto.

23.     For these reasons, NextGear does not consent to the Debtor's use of NextGear's cash collateral.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, NextGear respectfully requests that the Court:

a.      Deny the relief requested in the Motion;

b.      Order the Debtor immediately to provide a detailed accounting of all items of the NextGear Inventory including the status of each vehicle (in stock, sold, or rented); the sales terms, if any; and the sale date, if any;

c.        Order the Debtor not to sell or otherwise dispose of any NextGear Inventory

vehicle that is not already the subject of a prepetition sale;

d.        Order the Debtor immediately to allow NextGear access to the NextGear

Inventory vehicles that is still in the Debtor's possession, including all of the Debtor's books and

records relating to the NextGear Inventory vehicles; and

e.        For such other and further relief to which NextGear is entitled as this Court

may deem just and proper.


**Respectfully submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear*

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Monday, February 27, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **DFW Boat Specialists, LLC**<br>2401 Worthington Dr., Suite 106<br>Denton, Texas 76207<br><br>*Debtor* | **Eric A. Liepins**<br>Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, Texas 75251<br><br>*Attorney for Debtor* |
| **Mark A. Weisbart**<br>10501 N. Central Expy., Suite 106<br>Dallas, Texas 75231<br><br>*Subchapter V Trustee* | **United States Trustee**<br>110 N. College Avenue, Suite 300<br>Tyler, Texas 75702 |
| **All those receiving ECF notification in this case.** | |

/s/ Christopher V. Arisco
Christopher V. Arisco