IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40316-11 |
| DFW BOAT SPECIALISTS, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**OBJECTION BY NEXTGEAR CAPITAL, INC. TO DEBTOR'S MOTION FOR AN EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND STATEMENTS OF FINANCIAL AFFAIRS**

NextGear Capital, Inc. (hereinafter the "NextGear") hereby files this its Objection To Debtor's motion For An Extension Of Time To File Schedules Of Assets And Liabilities, Schedules Of Executory Contracts And Unexpired Leases, And Statements Of Financial Affairs (the "Objection") and, in support thereof, respectfully states as follows:

**Objection To Motion to Extend**

1. DFW Boat Specialists, LLC (the "Debtor") is a Texas limited liability corporation doing business in Texas as an automobile dealer selling new and used motor vehicles to its customers. Debtor filed the instant Chapter 11 bankruptcy case on February 22, 2023. Debtor did not file any schedules as part of the initial bankruptcy filing.

2. On February 23, 2023, a Notice of Missing Documents And Notice That Case May Be Dismissed If Documents Are Not Filed [Doc. # 2] (the "Notice") was issued by the Court. Per the Notice, Debtor was given until March 8, 2023, to file the schedules, statements, and a List of Creditors Who Have the 20 Larges Unsecured Claims Against You Who Are Not Insiders that were expressly referenced in the Notice.

3. Debtor filed its Emergency Motion For Authority To Use Cash Collateral on February 23, 2023 [Doc. # 5]. NextGear filed its Objection To Emergency Motion To Use Cash

Collateral [Doc. # 15] on February 27, 2023, which NextGear incorporates by reference as if fully set forth herein, and an Emergency Interim Order Authorizing Use Of Cash Collateral [Doc. # 17] (the "Interim Cash Collateral Order") was ultimately entered on February 28, 2023, after NextGear and Debtor resolved the issues set forth in the Objection to Emergency Motion To Use Cash Collateral.

4. Pursuant to page 8 of the Interim Cash Collateral Order, Debtor represented that it would provide the Secured Creditors with replacement liens on post-petition accounts receivable and cash as adequate protection. The purpose of the replacement liens was to protect from any aggregate diminution, if any, in the value of the Secured Creditor's claimed cash collateral. A final hearing on cash collateral has been scheduled for March 21, 2023, at 9:30 a.m.

5. Thereafter, on March 7, 2023, Debtor filed its Motion For An Extension Of Time To File Schedules Of Asses And Liabilities, Schedules Of Executory Contracts And Unexpired Leases, And Statements of Financial Affairs [Doc. # 30] (the "Motion"). Debtor requested an extension to March 21, 2023, to file the schedules, statements, and lists identified as due on March 8, 2023, in the Notice.

6. However, such an extension as requested by Debtor in the Motion will prejudice secured creditors such as NextGear because Debtor is seeking a final order on Debtor's use of cash collateral on March 21, 2023. Without having any schedules or statements on file identifying Debtor's assets and liabilities, it is impossible for NextGear, this Court, or any other secured creditor to confirm whether Debtor has sufficient equity in its assets to provide replacement liens in exchange for Debtor's use of cash collateral. Debtor's interim offer of a replacement lien on post-petition accounts receivable and cash is only temporary, and if Debtor does not have any equity in its assets after consideration of the secured debt owed to various floor plan lenders, Debtor cannot provide assurance that replacement liens will provide any adequate protection to NextGear.

7. Bankruptcy Rule 1007(c) requires Debtor to provide cause as to why the deadline to the Schedules and Statements should be delayed. Debtor's assertion that the case is complex or requires "an expenditure of substantial time and effort on the part of Debtor" is conclusory and insufficient to justify a delay to March 21, 2023, in light of Debtor's final hearing setting on its motion for use of cash collateral. While NextGear is not opposed to a short extension to the current deadline to file Schedules and Statements, NextGear is opposed to extending the deadline to the day of Debtor's final cash collateral hearing. NextGear would instead suggest an alternative, earlier deadline be set for Friday, March 17, 2023, which will give counsel for NextGear sufficient time to review any Schedules or Statements prior to the upcoming final cash collateral hearing currently set for March 21, 2023.

### Prayer

WHEREFORE, NextGear respectfully request that the Court (i) deny the relief sought in the Motion, or alternatively, only allow an extension of the deadline to file Schedules and Statements to March 17, 2023, and (iii) grant to NextGear any additional and further relief that the Court deems just and proper.

**Respectfully submitted,**

**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear*

## **CERTIFICATE OF SERVICE**

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, March 7, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **DFW Boat Specialists, LLC**<br>2401 Worthington Dr., Suite 106<br>Denton, Texas 76207<br><br>*Debtor* | **Eric A. Liepins**<br>Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, Texas 75251<br><br>*Attorney for Debtor* |
|---|---|
| **Mark A. Weisbart**<br>10501 N. Central Expy., Suite 106<br>Dallas, Texas 75231<br><br>*Subchapter V Trustee* | **United States Trustee**<br>110 N. College Avenue, Suite 300<br>Tyler, Texas 75702 |
| **All those receiving ECF notification in this case.** | |

/s/ Christopher V. Arisco
Christopher V. Arisco
