IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40316-11 |
| DFW BOAT SPECIALISTS, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**FINAL ORDER**
**AUTHORIZING USE OF CASH COLLATERAL**

The Court heard the Debtor's Emergency Motion to Use Cash Collateral filed on February 23, 2023 [Docket # 5] (the "Motion"). Based on the Motion, the argument of counsel, the evidence presented at the hearing on March 21, 2023, the Court finds as follows:

A. The Debtor has requested that it be allowed to use claimed or potential cash collateral pursuant to section 363(c) of the Bankruptcy Code of NextGear Capital, Inc. ("NextGear"), XL Funding, LLC d/b/a AXLE Funding ("XL Funding"), Westlake Flooring and Carbucks (collectively, the "Secured Creditors") in order to provide funds to be used solely for such purposes set forth in the budget (the "Budget"), attached hereto as Exhibit "A".

B. The Debtor's reorganization efforts require the use of the purported cash collateral, the use of the purported cash collateral will benefit the Debtor and its estate, and the ability of the Debtor to maximize the value of its estate is dependent upon the Debtor's ability to use the claimed cash collateral.

C. Good, adequate, and sufficient cause has been shown to justify the granting of the relief provided for herein. The use of the claimed cash collateral by the Debtor is actual and

necessary to preserve the Debtor's estate.

D. The Court finds and concludes that the Motion was made pursuant to subsections (a), (b), or (c) of Rule 4001(d), Federal Rules of Bankruptcy Procedure, and that the contents of and the notice of the Motion were sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity for a hearing.

Accordingly, it is therefore ORDERED that the Debtor is hereby authorized to use the Secured Creditors' claimed cash collateral to pay expenses listed in the Budget, but not to exceed by 10% the budgeted amounts listed therein, and only in accordance with the terms and conditions contained in the Budget and contained in and provided for in this Order; IT IS FURTHER

ORDERED that NextGear and XL Funding, respectively, shall hold possession of all motor-vehicle Certificates of Title for any and all remaining motor-vehicle inventory financed by NextGear (the "NextGear Inventory") as defined in NextGear's Objection [Doc. # 15, para. 3], which is incorporated herein by reference, and XL Funding Inventory (the "XL Funding Inventory"), as defined in XL Funding's Objection [Doc. # 14 para. 3], which is incorporated herein by reference, located on Debtor's lot or in Debtor's possession, custody, control, or ownership as of the bankruptcy filing date of February 22, 2023; IT IS FURTHER

ORDERED that NextGear is authorized to coordinate directly with any funding source of Debtor or auction and exchange original Certificates of Title for the NextGear Inventory for sale proceeds funding delivered directly to NextGear, and NextGear further has authority to endorse, on behalf of Debtor, and deposit any checks or drafts payable to the Debtor which are paid on account of the sale of NextGear Inventory (respectively). Upon the deposit and receipt of sales proceeds related to the sale of such NextGear Inventory sufficient to pay such NextGear Inventory in full, NextGear shall release the title to such NextGear Inventory vehicle to such funding source of

Debtor or auction within two (2) business days; IT IS FURTHER

ORDERED that XL Funding is authorized to coordinate directly with any funding source of Debtor or auction and exchange original Certificates of Title for the XL Funding Inventory for sale proceeds funding delivered directly to XL Funding, and XL Funding further has authority to endorse, on behalf of Debtor, and deposit any checks or drafts payable to the Debtor which are paid on account of the sale of XL Funding Inventory (respectively). Upon the deposit and receipt of sales proceeds related to the sale of such XL Funding Inventory sufficient to pay such XL Inventory in full, XL Funding shall release the title to such XL Funding Inventory vehicle to such funding source of Debtor or auction within two (2) business days; IT IS FURTHER

ORDERED that the Debtor is authorized to continue to sell NextGear Inventory and other motor-vehicles, subject to the terms of this Agreed Order. For any sale of the NextGear Inventory as permitted and authorized herein, Debtor shall pay the sales proceeds of such sold NextGear Inventory to NextGear at the following address of 11799 N. College Ave. Carmel, IN 46032, made to the attention of Lucas Hancock, with such payment to be in certified funds, together with the Certificates of Title (Original) for any trade-in vehicle acquired by Debtor as part of any post-petition sale of NextGear Inventory vehicles. Sales proceeds shall be delivered by Debtor to NextGear within forty-eight (48) hours of receipt, with such sales proceeds (excluding fees for tax, title, and registration) being endorsed payable to NextGear. If all sales proceeds are not received by Debtor from any third-party vendor within nine (9) days of any post-petition sale of a NextGear Inventory vehicle, Debtor shall pay to NextGear at 11799 N. College Ave. Carmel, IN 46032 the amount of remaining sales-proceeds not delivered to NextGear in certified funds; IT IS FURTHER

ORDERED that the Debtor is authorized to continue to sell XL Funding Inventory and

other motor-vehicles, subject to the terms of this Agreed Order. For any sale of the XL Funding Inventory as permitted and authorized herein, Debtor shall pay the sales proceeds of such sold XL Funding Inventory to XL Funding at the following address of 14951 Dallas Parkway, Suite 200, Dallas, Texas 75254, made to the attention of Ed Tremblay, with such payment to be in certified funds, together with the Certificates of Title (Original) for any trade-in vehicle acquired by Debtor as part of any post-petition sale of XL Funding Inventory vehicles. Sales proceeds shall be delivered by Debtor to XL Funding within forty-eight (48) hours of receipt, with such sales proceeds (excluding fees for tax, title, and registration) being endorsed payable to XL Funding. If all sales proceeds are not received by Debtor from any third-party vendor within nine (9) days of any post-petition sale of a XL Funding Inventory vehicle, Debtor shall pay to XL Funding at 14951 Dallas Parkway, Suite 200, Dallas, Texas 75254, made to the attention of Ed Tremblay, the amount of remaining sales-proceeds not delivered to XL Funding in certified funds; IT IS FURTHER

ORDERED, to the extent Debtor has possession, custody, or control of the Certificates of Title to the NextGear Inventory or XL Funding Inventory, Debtor shall tender such titles to NextGear and XL Funding within three (3) business days of entry of this Agreed Order or, with respect to any future trade-in vehicles, within three (3) business days of obtaining possession of such Certificates of Title, by delivering such Certificates of Title to counsel for NextGear and XL Funding at Padfield & Stout, L.L.P. at 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102; it is further

ORDERED that, notwithstanding anything else to the contrary in this Agreed Order, Debtor shall not sell any NextGear Inventory or XL Funding Inventory for less than the AMOUNT DUE shown on the balance due for any given NextGear Inventory (see Doc. # 15, para. 3) or XL

Funding Inventory (see Doc. # 14, para. 3) without prior written consent by NextGear or XL Funding, which will not unreasonably be withheld by NextGear or XL Funding; it is further

ORDERED that Debtor and Debtor's customers may solely drive the NextGear Inventory and XL Funding Inventory for purposes of test driving such vehicles, and the test drive period shall not exceed two (2) hours and the NextGear Inventory and/or XL Funding Inventory shall be returned to 2401 Worthington Dr., Suite 106, Denton, Texas 76207 ("Debtor's Lot") after such two-hour period has expired. All unsold NextGear Inventory and XL Funding Inventory shall be returned to Debtor's Lot before the close of business and remain on the Debtor's Lot overnight under all circumstances. Neither Debtor nor Debtor's customers may use or drive any of the NextGear Inventory or XL Funding Inventory as an overnight loaner vehicle. If Debtor desires to run certain NextGear Inventory or XL Funding Inventory to auction for sale, Debtor must request the consent of NextGear and/or XL Funding, as appropriate, at least three (3) days prior to the auction sales date, together with the reserve amount and minimum sales price the Debtor desires the NextGear Inventory and/or XL Funding Inventory be sold for. NextGear and/or XL funding shall have until noon the following day to advise Debtor in writing whether NextGear and/or XL Funding objects to Debtor running the NextGear Inventory and/or XL Funding Inventory through auction. However, under no circumstances is Debtor permitted to sell any NextGear Inventory or XL Funding Inventory at auction for less than the "Balance Due Under Note" as listed on XL Funding's Objection [Doc. # 14, para. 3] or NextGear's Objection [Doc. # 15, para. 3]; IT IS FURTHER

ORDERED, that the Debtor, on behalf of itself and its estate, hereby waives the right to seek to surcharge the Inventory or any of its proceeds in connection with 11 U.S.C. § 506(c); it is further

IT IS FURTHER ORDERED, upon an Event of Default, NextGear and/or XL Funding shall be required file a notice of such alleged default under this Agreed Order with the Bankruptcy Court and if the default is not cured within the time period specified in the remainder of this paragraph, the automatic stay, section 362, title 11, United States Code, shall be immediately lifted, with waiver of the fourteen-day stay of bankruptcy procedural rules, and without further order of the Court as to NextGear and/or XL Funding as provided in the preceding paragraph. The Debtor shall have three (3) business days after notice to cure any violation;

IT IS FURTHER ORDERED that, pursuant to the stipulation of the parties, the fourteen-day stay is waived and does not apply. See Fed. R. Bankr. P. 4001(a)(3);

IT IS FURTHER ORDERED, that within 48 hours of Debtor's receipt of notice or knowledge, Debtor shall notify NextGear and XL Funding via e-mail to carisco@padfieldstout.com, if a bonded-title claim is asserted as to any Certificate of Title of any NextGear Inventory or XL Funding Inventory and if a workers/mechanics' lien is asserted, if a storage/towing lien is asserted on any motor-vehicle of the NextGear Inventory or XL Funding Inventory;

IT IS FURTHER ORDERED, that Debtor shall notify NextGear's and XL Funding's counsel via e-mail if Debtor closes its place of business for more than five consecutive business days;

IT IS FURTHER ORDERED, that Debtor shall notify NextGear's and XL Funding's counsel via e-mail if Debtor moves its computer server off-site for more than five consecutive business days;

IT IS FURTHER ORDERED that NextGear and XL Funding shall be entitled to conduct lot audits of Debtor's premises without prior notice to Debtor. During such lot audits, Debtor shall

make all documents and records available to NextGear and XL Funding personnel and also provide the location of each NextGear Inventory vehicle and/or XL Funding Inventory vehicle subject to the audit, including but not limited to any of the vehicles identified in NextGear's Objection [Doc. # 15, para. 3] or XL Funding's Objection [Doc. # 14, para. 3] and any future trade-in vehicles acquired by Debtor; IT IS FURTHER

ORDERED that, as adequate protection to the Secured Creditors for the continued use of their claimed cash collateral,

1) Secured Creditors of the Debtor shall receive replacement liens on post-petition accounts receivable and cash as adequate protection, which replacement liens shall be held by the Secured Creditors in the same extent, validity, priority, and value as they existed prior to the petition date;

2) Such replacement liens shall secure an amount equal to the sum of the aggregate diminution, if any, subsequent to the petition date, in the value of the claimed cash collateral of the respective Secured Creditors, provided this grant (i) shall be subject to any prior perfected liens, and (ii) the exercise and enforcement of this lien remains subject to the Court's determination that a diminution has occurred;

3) Debtor will maintain insurance coverage on all inventory and other property constituting the Secured Creditors' collateral;

4) Debtor will provide the Secured Creditors copies of its Monthly Operating Reports at the same time the Reports are filed with the Court;

5) Debtor will provide to NextGear and XL Funding on a weekly basis by e-mail at abp@padfieldstout.com and carisco@padfieldstout.com by Noon on Monday of each week: the status of the NextGear Inventory and XL Funding Inventory vehicles, with such report to include copies of retail installment contracts, buyer's orders, odometer disclosure statements, copies of third-party lender funding approval for purchasers, signed applications for certificates of title, and other sales documents associated with any NextGear Inventory or XL Funding Inventory sold on the previous day. The sales price of a NextGear Inventory or XL Funding Inventory vehicle may include the value associated with a trade-in; however, for any proposed sale of any NextGear Inventory or XL Funding Inventory vehicle involving a customer trade-in vehicle, NextGear and/or XL Funding, as appropriate, must consent to the trade-in value assigned by Debtor for any such proposed transaction, with such consent to not be unreasonably withheld by NextGear and/or XL Funding.

IT IS SO ORDERED.

Signed on3/24/2023

Brenda T. Rhoades ST

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**AGREED IN FORM:**

| Padfield & Stout, LLP<br>420 Throckmorton Street, Suite 1210<br>Fort Worth, Texas 76102<br>Phone: 817-338-1616<br>Fax: 817-338-1610 | Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, Texas 75251<br>Phone: 972-991-5591<br>Fax: 972-991-5788 |
|---|---|
| /s/ Christopher V. Arisco<br>Alan B. Padfield<br>State Bar I.D. # 00784712<br>abp@padfieldstout.com<br>Christopher V. Arisco<br>State Bar I.D. #240064830<br>carisco@padfieldstout.com | Eric A. Liepins<br>State Bar I.D. # 12338110<br>Eric@ealpc.com |
| *Attorneys for NextGear Capital, Inc. and XL Funding, LLC* | *Attorney for Debtor* |

| BILL | | AMOUNT | Notes |
|---|---|---|---|
| SFC Premium Finance - garage insurance | | $494.00 | |
| Frazer | | $198.00 | |
| Quickbooks | | $176.00 | |
| City of Denton McKinney | | $325.00 | |
| Frontier Worthington | | $100.00 | |
| Frontier Worthington | | $50.00 | |
| Nextiva | | $296.10 | |
| Dealer Car Search AR | | $500.00 | |
| Dealer Car Search Span | | $500.00 | |
| Rent - Mckinney | | $3,300.00 | |
| Google Suite | | $120.00 | |
| Website - DFW | | $20.00 | |
| Vivint | | $64.94 | |
| Carfax | | $1,600.00 | |
| Payroll | | $25,000.00 | |
| | **TOTAL FIXED** | **$32,744.04** | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |