IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40316-11 |
| DFW BOAT SPECIALISTS, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**LIMITED OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION OF DFW BOAT SPECIALISTS, LLC, PURSUANT TO SECTION 1190 OF THE BANKRUPTCY CODE DATED MAY 3, 2023**

COMES NOW **XL Funding, LLC d/b/a AXLE Funding** ("AXLE Funding"), by and through its counsel, and respectfully files this LIMITED OBJECTION TO CONFIRMATION OF PLAN OF REORGANIZATION OF DFW BOAT SPECIALISTS, LLC, PURSUANT TO SECTION 1190 OF THE BANKRUPTCY CODE DATED MAY 3, 2023 [DOC. # 60] (the "Plan") filed by debtor **DFW Boat Specialists, LLC** (the "Debtor"). In support of this objection, XL Funding states as follows:

**I.
BACKGROUND FACTS**

1. The Debtor is a Texas limited liability corporation doing business in Texas as an automobile dealer selling new and used motor vehicles to its customers.

2. XL Funding is in the business of providing secured financing to car dealers through which those car dealers may finance some or all of their inventory held for resale to retail consumers ("floor plan financing"). On or about November 2, 2022, XL Funding and Debtor entered into a Demand Promissory Note and Security Agreement (the "Note"). A true and correct copy of said Note, including any applicable amendments, is attached hereto and incorporated by reference for all purposes as **Exhibit "A."**

3. Pursuant to paragraph 3 of the Note, Debtor granted to XL Funding a perfected, first-priority blanket security interest in all personal property assets of the Debtor, including but

not limited to the Debtor's motor vehicle inventory ("Inventory Collateral"). The Inventory Collateral includes but is not limited to the following nine (9) unpaid motor vehicle inventory financed by XL Funding under the Note by stock number, year, make, model, and VIN:

| Dealer # | Vehicle Description | VIN | Balance Due Under Note |
|---|---|---|---|
| 14905.31 | 2012 Nissan Armada | 5N1BA0NDXCN622240 | $5,753.00 |
| 14905.34 | 2014 Chevrolet Cruze | 1G1PG5SB3E7232850 | $2,394.00 |
| 14905.35 | 2013 Chevrolet Silverado | 1GCRKSE74DZ337470 | $7,813.00 |
| 14905.32 | 2012 Ford Edge | 2FMDK4JC5CBA57563 | $5,855.00 |
| 14905.33 | 2015 Jeep Patriot | 1C4NJPFA4FD209271 | $4,738.00 |
| 14905.24 | 2011 Chevrolet Cruze | 1G1PC5SH9B7177252 | $2,557.00 |
| 14905.25 | 2009 Chevrolet Avalanche | 3GNFK12089G232465 | $4,941.00 |
| 14905.26 | 2011 Ford Explorer | 1FMHK8D85BGA73544 | $5,950.00 |
| 14905.23 | 2010 Chevrolet Equinox | 2CNFLPEY9A6305185 | $3,527.00 |

(collectively, the "XL Funding Inventory").

4. XL Funding's first priority lien and security interest in the XL Funding Inventory and blanket security interest in all of Debtor's remaining assets, including but not limited to the other motor vehicle inventory on Debtor's lot not specifically financed by XL Funding, accounts, receivables, chattel paper, and other forms of cash collateral, is evidenced by the following documents:

    a. The Note along with all attachments and exhibits thereto. Specifically, paragraph 3 of the Note grants XL Funding a first priority purchase money security interest in the XL Funding Inventory and a blanket security interest in all remaining assets of Debtor, including cash collateral.

    b. A UCC-1 Financing Statement filed with the Texas Secretary of State on February 25, 2022, which was assigned file number 22-0009750631. A true and correct copy of the UCC-1 Financing Statement along with all amendments thereto, if any, is attached hereto as **Exhibit "B."**

c. A Receivable Detail Report dated February (the "RDR"), which identifies the vehicles currently floor planned by the Debtor with XL Funding that remain unpaid. A true and correct copy of the RDR is attached hereto as **Exhibit "C."**

5. The RDR lists each of the XL Funding Inventory vehicles which the Debtor and XL Funding (collectively, the "Parties") agreed to place on the Debtor's floorplan and for which the original title was tendered by Debtor to XL Funding as security.

6. The indebtedness under the Note has not been repaid and XL Funding retains its lien on the XL Funding Inventory, including any sales proceeds generated from the sale of any XL Funding Inventory vehicle to a third party consumer.

7. As shown by the RDR, the amount due and owing under the Note totals $43,538.00 for all unpaid XL Funding Inventory vehicles, after the consideration of all lawful offsets, payments, and credits.

8. The XL Funding Inventory secures the entire Indebtedness of Debtor (as defined in paragraph 13, page 11 to the Note) and not merely a portion thereof.

9. XL Funding timely filed is Proof of Claim on May 2, 2023, which was assigned claim # 10 and asserted a secured claim amount of $15,368.00.

10. As contemplated by the terms of Debtor's proposed Plan of Reorganization filed on May 4, 2023 [Doc. # 60] (the "Plan") and as authorized by the Final Order Authorizing Use of Cash Collateral entered on March 24, 2023 [Doc. # 52], Debtor has been attempting to sell various XL Inventory vehicles and remitting sales proceeds to XL Funding. In turn, XL Funding has been releasing titles to the various XL Funding Inventory vehicles upon receipt of payments of the sales proceeds of the payoff amount from Debtor. To the extent Debtor is not able to sell all of the XL Funding Inventory prior to confirmation of the Plan, Debtor proposes on paying the value of any remaining XL Funding Inventory units to be "surrendered" based on the Manheim

Market value as stated in an Exhibit "D." However, the Plan does not attach the referenced Exhibit "D" and it is unclear what Debtor is proposing to pay XL Funding should it proceed with payment after confirmation of the Plan.

11. In addition, the proposed Plan also seeks to obtain a discharge of a "Claim" or "Debt" immediately upon confirmation under 11 U.S.C. § 1191(a). Such plan language is vague and it is unclear whether such a discharge effectively extinguishes or discharges the debts owed by related guarantors on the same "Claim" or "Debt."

## II.
## OBJECTION TO DEBTOR'S CASH COLLATERAL MOTION

12. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor remains in control of the operation of its business.

13. XL Funding objects to the proposed Plan on the basis that Debtor failed to attach to its proposed Plan the referenced Exhibit "D." Without being able to review the Manheim Market values on which Debtor will rely should Debtor pay to XL Funding the value of any XL Funding Inventory vehicles not otherwise sold prior to confirmation, XL Funding does not have the ability to judge whether the proposed values represent a fair valuation of such XL Funding Inventory. XL Funding should be permitted a full and fair opportunity to ascertain exactly what values and proposed payments Debtor intends to make once the Plan is confirmed, and confirming the proposed Plan without disclosure of such information, or any disclosure statement having been filed at all, will work a potential prejudice and hardship on XL Funding and potentially adversely impact and cram down the secured value of XL Funding's claim as to any remaining XL Funding Inventory units in the possession of Debtor.

14. XL Funding further objects to the language of Article XIII of the proposed Plan regarding discharge, whereby it is unclear whether a discharge of a "Claim" or "Debt" only

applies to the Debtor or also potentially applies to third-party guarantors who may also be liable on the same "Claim" or "Debt." The general rule is that a discharge in bankruptcy does not affect a guarantor's liability. *See* 11 U.S.C. § 524(e) (1994) ( "[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); *see also N.C.N.B. Texas Nat'l Bank v. Johnson,* 11 F.3d 1260, 1266 (5th Cir.1994) (holding that to allow a confirmed reorganization plan to effect an accord and satisfaction on a loan guaranty "would defeat the purpose of loan guaranties; after all, a lender obtains guaranties specifically to provide an alternative source of repayment in the event that the primary obligor's debt is discharged in bankruptcy"); *Matter of Sandy Ridge Dev. Corp.,* 881 F.2d 1346, 1351 (5th Cir.1989) ("A discharge in bankruptcy will simply not affect the liability of a guarantor."). While it is unclear whether Debtor's proposed language regarding discharge would impact, release, or apply to any third-party guarantor, XL Funding files this limited objection in an abundance of caution.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, XL Funding respectfully requests that the Court:

a. Sustain XL Funding's limited objection as set forth herein;

b. DENY confirmation of the Plan until and unless Debtor amends the proposed Plan provisions to clarify Debtor's intended treatment of XL Funding under the Plan and further clarify that the liability of any third-party guarantor will not be affected or impacted by the Article XIII discharge provision;

c. For such other and further relief to which XL Funding is entitled as this Court may deem just and proper.

        **Respectfully submitted,**

        **PADFIELD & STOUT, LLP**
        420 Throckmorton Street, Suite 1210
        Fort Worth, Texas 76102
        Phone: 817-338-1616
        Fax: 817-338-1610

        /s/ Christopher V. Arisco
        Alan B. Padfield
        State Bar I.D. # 00784712
        abp@padfieldstout.com
        Christopher V. Arisco
        State Bar I.D. #24064830
        carisco@padfieldstout.com

        *Attorneys for XL Funding*

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, June 6, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **DFW Boat Specialists, LLC**<br>2401 Worthington Dr., Suite 106<br>Denton, Texas 76207<br><br>*Debtor* | **Eric A. Liepins**<br>Eric A. Liepins, P.C.<br>12770 Coit Road, Suite 850<br>Dallas, Texas 75251<br><br>*Attorney for Debtor* |
| **Mark A. Weisbart**<br>10501 N. Central Expy., Suite 106<br>Dallas, Texas 75231<br><br>*Subchapter V Trustee* | **United States Trustee**<br>110 N. College Avenue, Suite 300<br>Tyler, Texas 75702 |
| **All those receiving ECF notification in this case and on the attached list of the 20 largest unsecured creditors.** | |

        /s/ Christopher V. Arisco
        Christopher V. Arisco

| | | |
|---|---|---|
| AMERICAN EXPRESS CLASSIC GOLD CARD<br>PO BOX 650448<br>Dallas, TX 75265 | American Express Blue Business Plus<br>PO Box 981535<br>El Paso, TX 79998-1535 | Axle Funding<br>14951 Dallas Pkwy. #200<br>Dallas, TX 75254 |
| CarBucks<br>417 Woods Lake Rd<br>Greenville, SC 29607 | Green Note Capital<br>1019 Avenue P, Suite 401<br>Brooklyn, NY 11223 | JPMorgan Chase Bank<br>P.O. Box 659754<br>San Antonio, TX 78265 |
| JPMorgan Chase Bank<br>P.O. Box 659754<br>San Antonio, TX 78265 | National Funding<br>9530 Towne Centere Dr.<br>San Diego, CA 92121 | NextGear Capital Wholesale<br>11799 North College Avenue<br>Carmel, IN 46032 |
| WESTLAKE SERVICE INC<br>4751 WILSHIRE BLVD, SUITE 100<br>LOS ANGELES, CA 90010 | | |

**20 Largest Unsecured Creditors**