# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (SHERMAN DIVISION)

In re:

DFW BOAT SPECIALISTS, LLC,

Case No.: 23-40316-11
Chapter 11

    Debtor.
_____/

## OBJECTION TO CONFIRMATION OF DFW BOAT SPECIALISTS, LLC'S PLAN OF REORGANIZATION PURSUANT TO BANKRUPTCY CODE SECTION 1190

Secured Creditor Westlake Flooring Company, LLC ("Westlake"), by and through its counsel, respectfully files this Objection to Confirmation of DFW Boat Specialists, LLC's ("Debtor") Plan of Reorganization Dated May 4, 2023, Pursuant to Bankruptcy Code Section 1190 [DOC. # 60] (the "Plan"), and states:

**I.**    **INTRODUCTION**

1.    Debtor is a Texas automobile dealership engaging in the sale of new and used automobiles to consumers.

2.    Westlake provides financing to automobile dealerships to purchase automobile inventory for resale to their consumers. On March 14, 2022, Westlake and Debtor entered into a Promissory Note and Security Agreement ("PNLSA"). A copy of the PNLSA with its attachments and amendments is attached as **Exhibit A**.

3.    Pursuant to paragraph 1.a. of the PNLSA, Debtor granted to Westlake a perfected, first-priority, blanket security interest in all of Debtor's personal property assets including, but not limited to, the Debtor's vehicle inventory ("Inventory"). The Inventory includes, but is not limited to, the following seventeen vehicles financed by Westlake under the PNLSA the ("Westlake Inventory"):

| Vehicle Description | VIN | Vehicle Description |
|---|---|---|
| 2016 Chevrolet Tahoe LTZ | 1GNSKCKC8GR287032 | 2016 Chevrolet Tahoe LTZ |
| 2014 Ram 1500 SLT | 1C6RR7LG4ES421625 | 2014 Ram 1500 SLT |
| 2017 Jaguar XE Pres | SAJAK4BNXHA971853 | 2017 Jaguar XE Pres |
| 2017 Jeep Cherokee | 1C4PJMBS9HW506100 | 2017 Jeep Cherokee |
| 2018 Chevrolet Equinox LT | 2GNAXJEV7J6317364 | 2018 Chevrolet Equinox LT |
| 2017 Kia Soul | KNDJN2A23H7464534 | 2017 Kia Soul |
| 2015 Ford Escape FWD | 1FMCU0GX9FUB81567 | 2015 Ford Escape FWD |
| 2019 Chevrolet Spark | KL8CB6SA6KC701510 | 2019 Chevrolet Spark |
| 2015 Mazda 6 | JM1GJ1V68F1176098 | 2015 Mazda 6 |
| 2013 Audi Q5 4C | WA1LFAFP8DA042240 | 2013 Audi Q5 4C |
| 2017 Dodge Jour SXT | 3CFPDCBG2HT509357 | 2017 Dodge Jour SXT |
| 2013 Buick Encore Premium | KL4CJDSBXDB211548 | 2013 Buick Encore Premium |
| 2011 Ford Explorer | 1FMHK8F8XBGA77053 | 2011 Ford Explorer |
| 2003 Dodge RAM 1500 | 1D7HA16N33J527740 | 2003 Dodge RAM 1500 |
| 2014 Dodge Grand Caravan | 2C4RDGBG9ER302561 | 2014 Dodge Grand Caravan |
| 2008 Ford Escape XLT | 1FMCU03Z28KE29549 | 2008 Ford Escape XLT |
| 2014 Ford Focus SE | 1FADP3F26EL389858 | 2014 Ford Focus SE |

4. Westlake's first priority, perfected lien and security interest in the Westlake Inventory and blanket security interest in all of Debtor's remaining assets, including, but not limited to, the other motor vehicle inventory on Debtor's lot not specifically financed by Westlake, is evidenced by the PNLSA and a UCC-1 Financing Statement filed with the Texas Secretary of State on March 24, 2022. A copy of the filed UCC-1 Financing Statement is attached hereto as **Exhibit B**.

5. The indebtedness under the PNLSA has not been repaid and Westlake retains its first-priority, perfected security interest in the Westlake Inventory, including any sales proceeds generated from the sale of any Westlake Inventory to any third party.

6. The amounts due and owing under the PNLSA as of the Petition Date totals $135,284.30 as set forth in Westlake's Proof of Claim filed on March 2, 2023, as Claim 2-1.

7. Debtor has been selling various Westlake Inventory vehicles and remitting sales proceeds to Westlake. In turn, Westlake has been releasing titles to the various Westlake Inventory

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

vehicles upon receipt of the sales proceeds. To the extent Debtor is not able to sell all of the Westlake Inventory prior to the Plan's confirmation, Debtor proposes paying the value of any remaining Westlake Inventory units to be "surrendered" based on the Manheim Market Value as stated in an **Exhibit E**. However, the Plan does not attach the referenced **Exhibit E** and it is unclear what Debtor is proposing to pay Westlake should it proceed with payment after the Plan's confirmation.

## II.   OBJECTION TO DEBTOR'S PROPOSED PLAN

8. Pursuant to 11 U.S.C. §§ 1107, 1108, Debtor remains a debtor-in-possession and in control of the business's operations.

9. Westlake objects to the proposed Plan because Debtor failed to attach to its proposed Plan the referenced **Exhibit E**. As a result, Westlake cannot evaluate whether Debtor's proposed vehicle value represents a fair valuation of the Westlake Inventory, Westlake requests an opportunity to ascertain what values and payments Debtor intends to make once the Plan is confirmed.

10. Westlake further objects to Article XIII's language regarding discharge because it is unclear whether a discharge of a "Claim" or "Debt" only applies to the Debtor or also potentially applies to third-party guarantors who may also be liable on the same "Claim" or "Debt." The general rule is that a discharge in bankruptcy does not affect a guarantor's liability. *See* 11 U.S.C. § 524(e) (1994) ("[D]ischarge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); *see also N.C.N.B. Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir.1994) (holding that to allow a confirmed reorganization plan to effect an accord and satisfaction on a loan guaranty "would defeat the purpose of loan guaranties; after all, a lender obtains guaranties specifically to provide an alternative source of

repayment in the event that the primary obligor's debt is discharged in bankruptcy"); *Matter of Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1351 (5th Cir.1989) ("A discharge in bankruptcy will simply not affect the liability of a guarantor."). Although it is unclear whether Debtor's proposed language regarding discharge would impact, release, or apply to any third-party guarantor, Westlake files this limited objection in an abundance of caution. Debtor should include language in this Article that clarifies the discharge of a "Claim" or "Debt" only applies to the Debtor and not to any third-party guarantor.

WHEREFORE, ABOVE PREMISES CONSIDERED, Westlake respectfully requests that the Court:

1. Sustain Westlake's limited objection as set forth herein;

2. Deny the Plan's confirmation until and unless Debtor amends the proposed Plan provisions to clarify Debtor's intended treatment of Westlake and further clarify that the liability of any third-party guarantor will not be affected or impacted by the Article XIII discharge provision; and

3. For such other and further relief to which Westlake is entitled as this Court may deem just and proper.

*/s/ James R. Liebler, II*
JAMES R. LIEBLER, II
Florida Bar No. 115348
JRLII@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorney for Defendant Westlake*

**CERTIFICATE OF SERVICE**

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Wednesday, June 7, 2023; said e- mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

DFW Boat Specialists, LLC
2401 Worthington Dr., Suite 106
Denton, Texas 76207

Eric A. Liepins
Eric A. Liepins, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
Debtor Attorney for Debtor

Mark A. Weisbart
10501 N. Central Expy., Suite 106
Dallas, Texas 75231

United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
Subchapter V Trustee

All those receiving ECF notification in this case and on the attached list of the 20 largest unsecured creditors.